## STEWART v. FERGUSON.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—SCAFFOLDS.

The superintendent of defendant contractor, in charge of the construction of a building, set three men to work on a scaffold for the use of plaintiff's intestate and other bricklayers. To make the scaffold safe, it was necessary that an upright should be strongly braced. After all was done but putting in such braces, the superintendent called two of the men away. Shortly afterwards the scaffold was completed, with the exception of the braces, and the bricklayers were set to work on it the following morning. The scaffold gave way, and intestate was killed. *Held* sufficient to warrant a finding of negligence on the part of defendant, since the rule as to fellow servants is not applicable.

2. SAME.

A master is liable for injuries received by a servant from the falling of a scaffold, where caused by the master's failure to furnish sufficient material for its construction.

**3. SAME—LABOR LAW—SAFE PLACE TO WORK.**

Laws 1897, c. 415, § 18 (Labor Law), providing that any person employing or directing another to perform labor of any kind in the erection of a building shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, unsafe scaffolding, or which is not so constructed as to properly protect persons employed thereon, changes the former rule, that a scaffold erected for workmen is not a place in which their work is to be done, within the meaning of the rule requiring the master to furnish a suitable place in which to do his work, so as to require the master to furnish a safe and proper scaffolding on which the employé is to do his work.

**4. SAME—DELEGATION OF DUTIES.**

A master cannot delegate such duty, so as to escape liability.

**5. SAME—CONTRIBUTORY NEGLIGENCE.**

A bricklayer who was injured while working on a scaffold, the upright for which was insecurely braced, is not guilty of contributory negligence, where he could not see the upright from where he was working, and where his attention was not called to it, and he had no reason or opportunity to observe it, since he had a right to assume the master had done his duty in that regard.

**6. SAME—VIOLATION OF STATUTE—WHEN NEGLIGENCE.**

Laws 1897, c. 415, § 20 (Labor Law), provides that all contractors, when constructing buildings in cities where the specifications require the flooring to be arched between the beams and filled in with brickwork, shall complete the filling-in as the building progresses, to not less than within three tiers of beams below that on which the ironwork is being erected. Plaintiff's intestate, a laborer on a building being constructed, fell from the sixth story, on account of the giving way of a scaffold. *Held*, that the violation of the above statute is not negligence sufficient to charge the contractor with liability, where there is nothing to show that intestate's injuries would have been less had the statute been complied with.

**7. SAME—VIOLATION OF STATUTE BY MASTER—EMPLOYE'S ACCEPTANCE OF RISK.**

A bricklayer injured by falling from a scaffold on the sixth floor of a building, where the floors were not filled in within three tiers of beams from the tier on which the iron work was being erected, as required by Laws 1897, c. 415, § 20 (Labor Law), cannot recover for injuries received from a violation of such statute, since, the failure to so fill in being perfectly apparent to him, he accepted the risk.

Appeal from special term.

Action by Thomas C. Stewart, as administrator, against John W. Ferguson. From a judgment entered on the dismissal of the complaint, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward P. Lyon, for appellant.

John V. Bouvier, Jr., for respondent.

RUMSEY, J. The action was brought to recover damages for alleged negligence of the defendant which caused the death of the plaintiff's intestate. The defendant was a contractor engaged in the construction of a large building at Hunter's Point, upon which the plaintiff's intestate was working as a bricklayer. The building had progressed until the bricklayers were at work upon the wall between the sixth and seventh floors. A scaffold had been built at that point, upon which they were standing. While Stewart was engaged in his work there, the scaffold gave way, and he fell through five floors and was killed. The complaint was dismissed at the close of the plain-

tiff's case, and from the judgment entered upon that dismissal this appeal is taken.

It cannot be disputed that the jury would have been bound to find upon the evidence that the scaffold upon which Stewart stood at the time of the accident was improperly constructed, and that its fall was the direct result of that improper and unsafe construction. It is claimed by the defendant that the construction of the scaffold was a detail of the work, for the performance of which he had furnished sufficient proper material, and that it had been intrusted to men who were competent for that purpose. He insists that these men were co-servants of Stewart, engaged upon the same work, and if they failed either to use proper material which had been furnished, or to put it together in the proper way, so that the scaffold was safe to stand upon, their failure was the negligence of a co-employé of Stewart, for which the defendant was not responsible. He invokes the rule laid down by the court of appeals in Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017, and by this court in the case of McCone v. Gallagher, 16 App. Div. 272, 44 N. Y. Supp. 697. The learned court at the trial term held that the facts proved brought the case within that of McCone v. Gallagher, supra, and, applying the rule laid down in that case, dismissed the complaint. It appears that one Montague was the superintendent of the defendant in charge of the construction of the building, and had the control and management of it. It became necessary on a certain day to build this scaffold for the use of the bricklayers, and three men were set to work upon it. At the place where the scaffold subsequently fell, it was supported by two uprights, —one placed upon the other. From the upper one to the wall was placed what was called a "putlock," nailed to the upright at one end, and at the other end inserted in the wall. To make the scaffold safe, it was necessary that the upright which supported the inner end of the putlock should be strongly braced. It appeared from the testimony that three men were at work upon the scaffold in this place; that the upright had been erected, and the putlock nailed to it and inserted in the wall, but no braces had been placed to steady the upright. At that stage of the work the superintendent called away two of the men who were at work, leaving a single man, who was then at work upon the floor of the scaffold. It does not appear whether this person was a skilled scaffold builder or not. It does appear, however, that the scaffold was completed shortly after the men were taken away from the work, and the bricklayers were set to work upon it the next morning. No braces were put upon the upright, but it was permitted to remain in the condition in which it was left at the time the superintendent took the two men from the work. The plaintiff insists that this case is not within the rule laid down in the case of McCone v. Gallagher. In that case the scaffold was used by carpenters who were at work upon the inside of a building. It was the duty of the carpenters to erect the necessary scaffolding, and the defendant, who was the contractor, had supplied a sufficiency of proper material to be used for that purpose. The material selected by the carpenters, however, was not proper, and the scaffold was on that account defective. The defendant, however, took no part in the con-

struction of it, and exercised no control over it; but the carpenters constructed it as they saw fit, using whatever material they chose to select. The plaintiff there, who was a carpenter, but who had taken no part in the construction of the scaffold, went upon it, and was injured by its fall while he was engaged in his work. The court applied the rule laid down in the case of Butler v. Townsend, and held that the scaffold was a mere appliance of the work, and not a place upon which the work was to be done; that the building of it was only a detail of the work, to be performed by the men who were engaged in it; and that, if the master furnished sufficient proper material to be used in the construction of the scaffold, he was not liable for negligence to one who was hurt by reason of its defect, although the person building the scaffold had erred in his selection of material to be used for that purpose. But in that case it was said that, to establish a cause of action for such an injury, the plaintiff must prove, in addition to the fact that there was negligence in the selection of the materials for the building of the scaffold, the additional fact that the master, or some one standing in the relation of representative of the master, assumed to construct the scaffold, and then directed the employés to use it as a constructed scaffold. In this case the jury might have found from the evidence that Montague, the superintendent, who stood in the relation of master towards Stewart, had taken charge of the construction of the scaffold, so far that he called the men who were engaged upon it away from it before it was properly completed, and this caused it to be left in an unsafe condition, and because of his act the scaffold was not properly completed. They might also have found upon the evidence that there was not sufficient material furnished to the men at work upon the scaffold to properly brace it. Because of those two facts, the case is not, as we think, within the case of McCone v. Gallagher, but is within the exception stated in that case, and there was sufficient in the evidence to warrant the jury in finding that the defendant was guilty of negligence.

The case of McCone v. Gallagher was decided in April, 1897. The accident which is the subject of this litigation occurred on the 23d of November, 1897. On the 13th of May in that year the legislature passed the "Labor Law," so called, which is chapter 415 of the Laws of 1897. That law took effect on the 1st day of June. At the time that law was passed the rule laid down in Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017, was thoroughly settled as the law of this state, fixing the liability of a master towards his employés in the construction of scaffolding upon which it was necessary for the employés to stand to do their work. That rule was that a scaffold erected for workmen is not a place in which their work is to be done, within the meaning of the rule requiring the master to furnish a suitable place in which to do his work, but it is an appliance or instrumentality by means of which the work is to be done, and that, if the master furnished proper material with which to build the scaffold, he was not liable for the negligent act of one of his employés in building it, but that, if any employé at work upon it received an injury because of the defect in it, it was the negligence of a fellow servant, for which the master was not liable. That rule had been laid down

by the court of appeals upon careful consideration, in the face of vigorous dissent, but had been adopted by the court, and followed by the other courts of the state. That being the condition of the law as laid down by the courts, the legislature, in the labor law, enacted that any person employing or directing another to perform labor of any kind in the erection, repairing, altering, or painting of a house, building, or structure, shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances, which are unsafe, unsuitable, or improper, or which are not so constructed, placed, and operated as to give proper protection to the life and limb of a person so employed or engaged. Laws 1897, c. 415, § 18. This statute has changed the rule as laid down by the court of appeals. By it the legislature has put upon the master the duty of furnishing a safe and proper scaffolding on which the employé is to do his work. The making of the scaffold is no longer a detail of the work, the responsibility for which is imposed upon the servant, but the scaffold is regarded as a place furnished by the master upon which the servant is to work; and the master is forbidden to permit that place to be unsafe, unsuitable, or improper, but is bound so to construct it as to give proper protection to the life and limb of the person who is engaged upon it. The duty therefore has become the personal duty of the master, as distinguished from the duty of the servant; and the rule which charged the neglect to perform the duty upon the servant, so that another servant, having been injured by it, could not recover from the master, has been abolished. The rule which now exists with regard to the building of scaffolds is that it is a personal duty of the master to use reasonable care to see that the scaffold furnished is not unsafe, but is safe and proper for the use for which it is intended. Where the master has a personal duty in that regard, he is personally liable for its fulfillment. It is not enough that he selects a person of approved skill and fitness, and furnishes to him the material with which to do the work; and that act alone will not relieve him from his responsibility. The person doing the work stands in the place of the master (Flike v. Railroad Co., 53 N. Y. 549; Crispin v. Babbitt, 81 N. Y. 516; Corcoran v. Holbrook, 59 N. Y. 517); and, if he is negligent, his negligence is the personal act of the master, for which the master must answer. The rule laid down by the statute should have been applied in this case; and, if it had been, there can be no doubt that, upon the evidence as it stood, the defendant was guilty of negligence, because there was practically no dispute that the scaffold, as built, was not sufficient for the burden that was put upon it, and that it gave way because of the failure to brace the upright as ordinary care and prudence required.

It is said, however, that the manner of the erection of the scaffold was easily seen, and that the plaintiff's intestate was guilty of contributory negligence in consenting to use it when it was not sufficiently braced. But it clearly cannot be said, as a matter of law, that Stewart was guilty of contributory negligence in that regard. There was nothing to show that he had any knowledge of, or means of knowing, the manner in which this particular upright was secured.

The upright was below the place where he was at work, and it was very clear that, standing there, he was unable to see it; and there is nothing to show that his attention was called to it, or that he had either reason or opportunity to observe it. He was not called upon to inspect the scaffold to ascertain whether it was safe, but he had a right to assume that the master had performed his duty in that regard. He was therefore clearly not guilty of contributory negligence, as a matter of law; and, indeed, the jury would not have been justified in finding that he was guilty of contributory negligence by reason of any facts which are made to appear in the case. The place where he was at work was between the sixth and seventh floors. The floors below were to have been arched between the beams, and filled in with brickwork. They were not filled in above the first floor, but from the place where the men were at work, down to the first floor, the building was entirely open; and, when Stewart fell, he fell through five floors and struck upon the first floor above the basement. Section 20 of the labor law requires that all contractors, when constructing buildings in cities where the plans and specifications require the floor to be arched between the beams, or where the floors or filling in between the floors are of fireproof material of brickwork, shall complete the flooring or filling-in as the building progresses, to not less than within three tiers of beams below that on which the iron work is being erected. Laws 1897, c. 415, § 20. As it appears in this case that this statute had not been complied with, and the floors had not been filled in to within three tiers of beams, it is insisted by the plaintiff that that violation of the statute of itself constitutes negligence, by reason of which the defendant was liable for this accident. The violation of a statute or of a municipal ordinance, which causes an injury to any person, is prima facie evidence of negligence on the part of the lawbreaker, which affords sufficient reason for charging him with liability for the accident. Shear. & R. Neg. § 467. But that only takes place where the violation of the law can be said to have been in some way or to some extent the cause of the injury. The mere fact that a person has violated a law is not sufficient to charge him with liability for an accident, unless the violation of the statute has something to do with the occurrence of the accident. It is quite true that in this case the law was violated, and that Stewart was killed, but the killing of Stewart resulted purely from the breaking of the scaffold. The failure to fill in the floors under the place where he was at work had nothing whatever to do with the thing that caused his death. The fact that the floors were open was a condition which existed at the time and place where the accident occurred, but there is nothing from which the jury would have been justified in finding that the accident would not have occurred had the floors been closed for two tiers higher up than they were, or that he would have received any less injury in that case. For that reason the failure to obey that portion of the law is not sufficient to charge the defendant with negligence. But, if it were, the fact that the floors had not been filled in as the law required was perfectly apparent to Stewart, as to everybody else; and if he consented to go to work upon the scaffold above the place where these openings were, knowing, as he

must, that the openings existed, it was clear that he took the risk himself; and, if leaving the openings was negligence which would charge the defendant, going to work above them with knowledge that they existed was equally contributory negligence on the part of Stewart which would prevent his recovery.

But for the reasons given above we are of the opinion that the judge erred in dismissing the complaint, and that this judgment should be reversed, and that there should be a new trial, with costs to the appellant to abide the event.    All concur.